**TORO, Plaintiff-Appellee, v. GEYER, Defendant-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 2161. Decided November 16, 1951.

498

I. L. Jacobson, Dayton, for plaintiff-appellee.
John W. Dale, A. K. Meck, Dayton, for defendant-appellant.

## OPINION
By THE COURT:

This is a law appeal from the judgment of the Court of Common Pleas entered in favor of the plaintiff upon a special verdict returned by the jury. The record reveals that on February 15, 1950, the plaintiff made an offer to purchase the defendant's place of business and to secure the same gave a check in the sum of $5,000.00. The purchase agreement provided:

"If this agreement is not accepted by Michael Geyer on or before March 1, 1950, the above mentioned check in the amount of $5,000.00 shall be returned to Jack Toro."

The petition seeks the return of the $5,000.00 alleging that the offer was not accepted on or before March 1, 1950. Also, alleging that the offer was withdrawn on March 1, 1950 and before the same had been accepted. The answer alleged that the offer was accepted on February 27, 1950 and that he, the defendant, again notified the plaintiff on March 1, 1950, that he accepted the offer; that after he had notified the plaintiff of his acceptance he received through the mail the plaintiff's notice of cancellation of the same. The record discloses that on or about February 23, 1950 the defendant cashed the plaintiff's check, but no notice of acceptance was given the plaintiff, it being urged by the defendant that this act alone constituted an acceptance of the offer as a matter of law.

An examinaion of the contract reveals that it contained mutual promises to do certain acts in the future. It was, therefore, a bilateral contract as distinguished from a unilateral one. To constitute an acceptance of an offer to enter

a bilateral contract there must be an expression of the intention by word, sign, writing or act, communicated or delivered to the person making the offer or his agent. A mere private act of the person to whom the offer is made does not constitute an acceptance. 12 Am. Jur. 535; 9 **O. Jur. 266.**

Therefore, we are of the opinion that the mere cashing of the check without actual notice to the plaintiff did not constitute an acceptance of the offer. Next, we shall give consideration to the question of the alleged withdrawal of the offer in the contract before acceptance, which unquestionably may be done. **9 O. Jur. 257.** Whether or not this was done was a matter for the determination of the jury as there was a conflict in the evidence on this question. By its special verdict the jury found that the offer of the plaintiff was cancelled before the defendant gave him notice of its acceptance. Therefore, the court did not err in entering its judgment for the plaintiff.

Finding none of the errors assigned well made, the judgment will be affirmed.

HORNBECK, PJ, MILLER and WISEMAN, JJ, concur.