JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant, Robert D. Hart, appeals from the Lakewood Municipal Court's judgment awarding plaintiff-appellee, Tammie Moore, $375 on her complaint for return of a security deposit. He argues the court erred by finding no contract between the parties and by finding that Hart had failed to demonstrate any economic loss to support the forfeiture of the deposit. We find no error in the court's decision and affirm.
 {¶ 2} The parties agreed, and the court found, that Moore executed a rental application on September 21, 2002. Immediately above the signature line, the application stated:
 {¶ 3} "I/We declare the foregoing information is true and correct, and i/we hereby authorize you to conduct an employment and credit check and to verify our references.
 {¶ 4} "I/We understand that the security deposit which is part of this application is non-refundable if applicant refuses to consummate the rental agreement after acceptance by landlord. in consideration thereof, landlord will cease advertising this apartment and will cease showing this apartment."
 {¶ 5} In connection with this application, Moore gave Hart a check in the amount of four hundred dollars. Hart returned five dollars in cash to Moore; twenty dollars was intended to cover the cost of a credit check.
 {¶ 6} Three days later, on September 24, 2002, Moore informed Hart that she no longer wanted the apartment. The next day, she sent a letter to Hart requesting the return of her deposit. Hart refused.
 {¶ 7} Hart claims that he removed the apartment from the market when Moore gave him her application. However, there were two other units available in the same building which he continued to advertise and show to prospective tenants.
 {¶ 8} Hart claims that Moore forfeited the security deposit under the terms of the rental application. We disagree. As the municipal court correctly noted, "the forfeiture provision is expressly conditioned upon an acceptance of the prospective tenant," and there was no evidence that Hart had accepted Moore's application yet. Hart argues that his acceptance of Moore's money, and his agreement to stop advertising and showing the apartment, demonstrated his acceptance. However, the application form makes it clear that employment, credit and reference checks would be conducted before the application would be accepted or rejected. Therefore, the acceptance of Moore's check, and the agreement to stop advertising and showing the apartment, did not constitute acceptance of her application.
 {¶ 9} Moore could withdraw her application at any time before it was accepted by Hart. Toro v. Geyer (1951), 66 Ohio L.Abs. 497; Bronsteinv. Arsham (Mar. 17, 1983), Cuyahoga App. No. 45163. There is no evidence in the record that Hart informed Moore that he had accepted her application before she informed him that she did not want to go forward with the lease. Thus, Moore effectively withdrew her application before it was accepted by Hart.
 {¶ 10} The terms of the rental application do not support the forfeiture Hart seeks. Accordingly, we agree with the municipal court that Moore is entitled to the return of her deposit, and affirm its judgment in her favor.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Lakewood Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Patricia A. Blackmon, P.J. and Timothy E. McMonagle, J. Concur